IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2008

## STATE OF TENNESSEE v. GEORGE LUCAS JERNIGAN

**Appeal from the Circuit Court for Bedford County**
**Nos. 16,195 and 16,213     Lee Russell, Judge**

---

**No. M2007-01470-CCA-R3-CD - Filed July 7, 2008**

---

The defendant, George Lucas Jernigan, pleaded guilty to one count of aggravated sexual assault, one count of driving on a suspended license, and one count of reckless driving. The Bedford County Circuit Court imposed an effective six-year term to be served in the Department of Correction. The defendant now appeals, alleging that community corrections placement was a more appropriate sentence and that the trial court erroneously applied statutory enhancement factors to increase the sentence that were not found by a jury. Upon review, we affirm the judgments below.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, for the appellant, George Lucas Jernigan.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On February 22, 2007, a Bedford County Grand Jury indicted the defendant on one count of aggravated statutory rape, *see* T.C.A. § 39-13-506 (2006), one count of driving on a suspended license, *see id.* § 55-50-504, and one count of reckless driving, *see id.* § 55-10-205. The defendant submitted open guilty pleas to all three offenses on April 20, 2007. After a sentencing hearing, the trial court sentenced the defendant as a Range II, multiple offender to six years in the Department of Correction for aggravated statutory rape. The trial court also imposed concurrent sentences of thirty days for driving on a revoked license and reckless driving, resulting in an effective sentence of six years.

At the guilty plea acceptance hearing on April 20, 2007, the prosecutor provided the following recitation of the relevant facts in this case:

> The factual basis is that on the date alleged in the indictment, the defendant and the victim in this case stayed in a room at the Budget Motel. They actually stayed for several nights. There was an individual who came to the door while they were staying at the motel. The defendant answered the door in his boxer shorts and this individual observed the girl, who turned out to be the victim, in bed and she appeared not to have a shirt on.

> The matter was ultimately reported to the police. The police interviewed the victim in the case, and she said that on the Thursday night that they stayed at the Budget Motel, that she and the defendant attempted penile/vaginal penetration. There was penetration. They were attempting to have sex. It went on for a short period of time. And according to her, she told the defendant to stop and he did stop.

> The defendant was interviewed. He described the same events as far as there was penetration for a period of time. I believe he described it as partial penetration and that he made -- or indicated that it was wrong for them to be doing that and he said they needed to stop. The only real difference between the events they described is the victim said she made the observation this is wrong, we need to stop; whereas, the defendant in his statement says he made the observation that it was wrong and they needed to stop.

> . . . .

> And the victim at the time was 14 years of age. The defendant at the time was 29 years of age, so there was more than 10 years age difference.

> As far as in the other case, Officer Matt Griffey observed the defendant driving in what he characterized as a reckless manner. He stopped the defendant. The defendant was the driver and his license was suspended at the time.

At the sentencing hearing, the state presented only the presentence report.

The defendant testified that he was 30 years old and had a high school education. He had previously spent time in the Department of Correction for a community corrections violation.

The defendant testified that he suffered from a disorder called Klinefelter Syndrome and was first diagnosed at age 18. Prior to his current incarceration, he was receiving counseling for his illness as well as for depression.

On cross examination, the defendant testified that he was previously placed on a community corrections program as a result of burglary convictions. While on community corrections, he was convicted of additional charges of automobile theft. The defendant testified that as a result of these convictions, his community corrections sentence was revoked and that he served his time in the Department of Correction.

On appeal, the defendant alleges that community corrections placement was a more appropriate sentence and that the trial court violated his right to a jury trial by applying statutory enhancement factors to increase the sentence that were not found by the jury.

When there is a challenge to the length and/or manner of service of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.* If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. *Id.*

In making its sentencing determination in the present case, the trial court, at the conclusion of the sentencing hearing, was obliged to determine the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the guilty plea and sentencing hearings, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant made in his behalf about sentencing, and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210(b); -103(5) (2006); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

## A. Denial of Alternative Sentencing

The defendant first alleges that he should have been sentenced to a community corrections program instead of the Department of Correction. The General Assembly has recognized that because of the limited capacities of state prisons, "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing

-3-

involving incarceration." T.C.A. § 40-35-102(5) (2006). Accordingly, a defendant who does not fall within these parameters and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." *Id.* § 40-35-102(6) (2006). The 2005 amendment to Code section 40-35-102 removed the statutory presumption that certain offenders were favorable candidates for alternative sentencing and made this provision entirely advisory. *See id.*; *State v. Stacey Joe Carter*, No. M2005-02784-SC-R11-CD, slip op. at 12 (Tenn. May 9, 2008). Offenders with sentences in Range II or III are not entitled to the benefit of this provision, even in its advisory form. *See* T.C.A. § 40-35-102(6).[1]

We find that the record supports the denial of community corrections. The trial court properly found the defendant to be a Range II offender because of his five prior felony convictions. *See* T.C.A. § 40-35-1. Furthermore, the defendant committed the auto burglaries in 2000 while on community corrections for the 1999 burglaries, indicating a history of unwillingness to comply with the conditions of a sentencing involving release into the community. *See id.* § 40-35-103(5). The record establishes a solid basis for the denial of alternative sentencing.

### B. Length of Sentence

At the conclusion of the sentencing hearing, the trial court determined (1) that the defendant had a previous history of criminal behavior and convictions in addition to those necessary to establish the appropriate range and (2) that the defendant had a previous history of unwillingness to comply with the conditions of probation. *See* T.C.A. § 40-35-114(1), (8) (2006). The defendant asserts that his Range II, six-year sentence is excessive. He argues that the trial court violated his right to a jury trial by inappropriately enhancing his sentence without the participation of a jury. The state contends that the trial court properly enhanced the sentence under Tennessee's revised sentencing reform guidelines.

On June 24, 2004, in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), the United States Supreme Court signaled that some judge-sentencing regimes conflicted with criminal defendants' rights to have juries participate in certain sentencing determinations. *Blakely* held that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id.* at 301, 124 S. Ct. at 2536 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000)). The "statutory maximum" to which a trial court may sentence a defendant is not the maximum sentence after application of appropriate enhancement factors, other than the fact of a prior conviction, but the "maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303,

---

[1]Effective July 1, 2007, "a defendant who is being sentenced for a third or subsequent felony conviction involving separate periods of incarceration or supervision shall not be considered a favorable candidate for alternative sentencing." 2007 Tenn. Pub. Acts 512.

124 S. Ct. at 2537.  Under *Blakely*, the "statutory maximum" sentence which may be imposed is the presumptive sentence applicable to his or her offense.  *See id.*, 124 S. Ct. at 2537.  The presumptive sentence may be exceeded without the participation of a jury only when the defendant has a prior conviction and/or when an otherwise applicable enhancement factor was reflected in the jury's verdict or was admitted by the defendant.

Effective June 7, 2005, Tennessee's sentencing law was rewritten in response to the *Blakely* decision.  *See* 2005 Tenn. Pub. Acts ch. 353.  Among other things, the amendments rendered the enhancement factors advisory only and abandoned a statutory minimum sentence.  *See* T.C.A. § 40-35-114 (2005) ("[T]he court shall consider, but is not bound by, the following advisory factors in determining whether to enhance a defendant's sentence"); -35-210(c) ("In imposing a specific sentence within the range of punishment, the court shall consider, but is not bound by, the following advisory sentencing guidelines.").  The 2005 amendments are *Blakely* compliant.  *See Cunningham v. California*, 549 U.S. 270, ___, 127 S. Ct. 856, 871 n. 18 (2007).

The crimes in this case occurred in 2006, making the amended sentencing law applicable.  Thus, sentencing in the present case did not violate the Sixth Amendment.  At the time of the offenses, a Range II sentence for aggravated statutory rape, a Class D felony, was four to eight years.  *See* T.C.A. §§ 39-13-506, 40-35-112(b)(4).

That said, the record supports the state law bases for the length of the sentence.  At the sentencing hearing, defense counsel candidly acknowledged, "I can't argue with Mr. Jernigan's prior record."  The presentence report confirmed three convictions for auto burglary and two convictions for burglary.  Under these circumstances, the record supports the application of enhancement factor (1).

The presentence report also confirmed that the defendant's previous community corrections sentence had been revoked in 2001.  Thus, the second enhancement factor, the defendant's previous history of unwillingness to comply with the conditions of a sentence involving release into the community, was properly applied.  *See* T.C.A. § 40-35-114(8).  There were no mitigating factors.  In consequence, the trial court acted properly within its authority in imposing the six-year sentence.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-